Harry B. Frank, J.
This action was tried before the court without a jury. Findings of fact and conclusions of law were waived.
The plaintiff herein instituted this action against the defendants, James Mantell and Wainwright & Smith Co., alleging that the said defendants induced one Peter Drambour to breach an agreement entered into with the plaintiff. Substantially the alleged agreement was to form a new corporation to take over by assignment the existing lease held by Drambour with the defendant Wainwright & Smith Co. and provided for the financing of the new corporation known as Rockaway Amusement Park, Inc., by the plaintiff herein, to the extent of approximately $18,000, to pay the arrears in rent, taxes and other obligations then owed by Peter Drambour. In consideration for the payment of the said debts and the advancement of certain sums of money, the plaintiff was to receive a two-thirds stock interest in Rockaway Amusement Park, Inc., and Peter Drambour was to receive a one-third stock interest in said corporation. Plaintiff’s witness, Peter Drambour, testified that James Mantell made inquiry of the said Drambour concerning his proposed agreement with the plaintiff herein, that the said James Mantell induced Peter Drambour to breach his contract with the plaintiff herein and that he offered him a more advantageous agreement. At the close of plaintiff’s case counsel consented to a dismissal against the corporate defendant and stated that he relied on the testimony adduced to establish a cause of action against the defendant Mantell.
The court is of the opinion that the evidence discloses negotiations were conducted between the plaintiff and Peter Dram-bour, the lessee and operator of Seaside Park, which is the subject nmtter of this lawsuit, with a contemplation of the entering into a contract but at no time did they enter into a valid contract. It is apparent from the evidence that before such negotiations could ripen into a valid contract they were subject to securing the consent of Wainwright & Smith Co., the landlord herein, to the assignment of the lease to the new corporation which was a condition precedent to any such contract. Mr. Man-tell, the sole remaining defendant herein, an officer of the defend *512 ant corporation, Wainwright & Smith Co., was well within his rights in making inquiry of Mr. Drambour concerning his request for assignment of the lease to Eockaway Amusement Park, Inc. The sole evidence before the court is that Mr. Martin, the plaintiff herein, was to advance certain sums of money to Peter Drambour which in the testimony varied at times from $12,000 to $18,000, to pay up the debts of Peter Drambour, the tenant then in possession, with a view to entering into a contract if the landlord would consent to an assignment of the lease. Mr. Drambour was represented in these negotiations by one Harry Bloom as counsel, who testified that at no time did these negotiations ever ripen into a contract. Furthermore, there is no valid proof before this court which the court can accept as credible that in fact the plaintiff herein, Mr. Martin, whom the court has already found to be financially responsible, had agreed with Wainwright & Smith Co., the landlord, to personally assume the obligations for the payment of rent under the proposed new assignment of lease to the Eockaway Amusement Corporation. The sole evidence which the court places any credence upon is that it was contemplated that the new tenant was to be Eockaway Amusement Park, Inc., a corporation already in existence and in the control of Peter Drambour, the tenant under the lease. That in all the negotiations herein the proposed new tenant was to be a corporation, which is evidenced by the stipulation entered into before Mr. Justice Morris in the Municipal Court, in the summary proceedings pending at the time.
The court concludes from the evidence that there was not a valid agreement entered into between Martin and Drambour which the defendant Mantell could induce Mr. Drambour to breach. The court finds no credible evidence to warrant any other conclusion and certainly does not accept the testimony of Mr. Drambour which was unreliable and unworthy of belief. In this regard Mr. Martin was less than frank with the court regarding the role of Mr. Geist in relation to the assignment of lease and his interest in the new corporation, since Mr. Bloom, Drambour’s attorney, made it quite clear that he had always considered that Mr. Geist and Mr. Martin had a community of interest in the assignment of the lease to be obtained from the defendant Wainwright & Smith Co.
If the court were to conclude that an agreement was reached between the plaintiff and Drambour, it would then be necessary to establish by credible testimony that James Mantell induced Peter Drambour to breach this agreement. Certainly the credible evidence in this case points in the other direction. It clearly *513 discloses that Peter Drambour was in default under the terms of the original lease and was an undesirable tenant. From the first day of his operation of the amusement park up till the time negotiations were entered into for the assignment of the lease he wTas in financial difficulties and an unreliable and undesirable tenant. Despite the violation of the terms of the lease and the many defaults thereunder, he was permitted to remain in possession by the generous treatment afforded him by the defendant Mantell. It, therefore, is more consistent with the record to believe that Mr. Mantell’s interest was purely to protect \Vainwright & Smith Co., in which he was an officer and stockholder. That with the knowledge that Mr. Drambour was to be a stockholder in the new corporation, the proposed assignee of the lease to the extent of one third of the stock, he might well have recommended to the landlord that they reject the new tenant and not consent to an assignment of the lease. Any such action by Mr. Mantell could not be held to be a malicious interference, if he did in fact have Wainwright & Smith Co. refuse to approve an assignment of the lease under these circumstances, since he as an officer of said corporation had a right to protect the interest in the property owned by the corporation in suggesting that they deny an assignment of the lease requested herein in the reasonable exercise of the rights of the corporation as landlord under that lease.
The court finds on all the evidence that the plaintiff has failed to sustain the allegations of the complaint by a fair preponderance of the credible evidence. From all the believable testimony herein, the court renders judgment in favor of the defendant Mantell dismissing the complaint on the merits. Thirty days’ stay; 60 days to make a case.